FILED
United States Court of Appeals
Tenth Circuit

July 14, 2026

Christopher M. Wolpert
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CHRISTOPHER J. BARNETT,

    Plaintiff - Appellant,

v.

CARRIE BRIDGES, Warden;
CHARLES PHILLIPS, Captain;
TRACIE ADAMS, Mail Room
Supervisor; JODY MILLER, Law
Library Supervisor; KATRENA
DAVIS, Law Library Clerk; KEVIN
HODGSON, Captain,

    Defendants - Appellees.

No. 25-5047
(D.C. No. 4:23-CV-00232-GKF-JFJ)
(N.D. Okla.)

_____

**ORDER**

_____

Before **BACHARACH**, **McHUGH**, and **ROSSMAN**, Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

_____

An Oklahoma prisoner, Mr. Christopher Barnett, appeals the dismissal of his suit against prison officials. When he appealed, he moved for leave to proceed in forma pauperis. We deny this motion.

Under federal law, prisoners can't ordinarily obtain leave to proceed in forma pauperis when they have had at least three prior actions dismissed

for frivolousness or failure to state a valid claim. 28 U.S.C. § 1915(g). An

exception exists when a prisoner shows an "imminent danger of serious

physical injury." *Id.*

Mr. Barnett appeared to have at least three prior dismissals for

frivolousness or failure to state a valid claim.[1] So we ordered Mr. Barnett

to show cause why we shouldn't deny his motion.

Mr. Barnett doesn't question the existence of three or more

dismissals for frivolousness or failure to state a claim. He instead argues

that

- the prior dismissals were incorrect,

- he had no chance to appeal those dismissals, and

---

[1]    These dismissals include

- *Barnett v. David L. Moss Crim. Just. Ctr.*, No. 22-CV-389-GKF-JFJ, Dkt. No. 3 (N.D. Okla. Sept. 28, 2022) (dismissing an action for failure to state a claim),

- *Barnett v. Unnamed TCSO Det. Officer*, No. 22-CV-454-GKF-SH, Dkt. Nos. 30 & 46 (N.D. Okla. Aug. 2, 2023 & Feb. 7, 2024) (dismissing all causes of action for failure to state a claim), and

- *Barnett v. Okmulgee Cnty. Crim. Just. Auth.*, No. 23-CV-545-GKF-MTS, Dkt. No. 3 (N.D. Okla. Jan. 25, 2024) (dismissing all causes of action based on frivolousness and/or failure to state a claim).

*See Barnett v. FBI*, Nos. 24-5042 & 24-5065 (10th Cir. Feb. 28, 2025) (characterizing these rulings as dismissals for frivolousness or failure to state a claim).

- he is under an imminent danger of serious physical injury.

We can't revisit the prior dismissals. *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). But we do need to consider whether he has adequately shown an imminent danger of serious physical injury.

For this showing, Mr. Barnett needed to "make specific, credible allegations." *Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir. 2011) (internal quotation marks omitted). For the sake of argument, we can assume that Mr. Barnett has shown an imminent danger of serious physical injury. But do we require a nexus between the imminent injury and Mr. Barnett's underlying claims?

Six other circuits require such a nexus. *Owlfeather-Gorbey v. Avery*, 119 F.4th 78, 87 (D.C. Cir. 2024); *Prescott v. UTMB Galveston Texas*, 73 F.4th 315, 321 (5th Cir. 2023); *Hall v. United States*, 44 F.4th 218, 231 (4th Cir. 2022); *Fourstar v. United States*, 950 F.3d 856, 859–60 (Fed. Cir. 2020); *Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022); *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009); *see also* 1 *Moore's Federal Practice - Civil* § 4.40 at 38, n.58 (2026) (collecting cases). In unpublished opinions, we have joined those circuits. *Boles v. Colo. Dep't of Corr.*, No. 22-1086, 2023 WL 1463248, at *3 (10th Cir. Feb. 2, 2023) (unpublished); *Boles v. Colo. Dep't of Corr.*, 794 F. App'x 767, 770 (10th Cir. 2019); *Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 759 (10th Cir. 2018), *aff'd on*

*other grounds*, 140 S. Ct. 1721 (2020). Here too, we require a nexus in light of the consensus of authority elsewhere.

The resulting issue is how to gauge that nexus. Two approaches have emerged in other circuits.

The Second Circuit has adopted a two-part test derived from case law on standing: "(1) whether the imminent danger of serious physical injury that [the] litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Pettus*, 554 F.3d at 298–99 (emphasis in original). Under this test, Mr. Barnett would need to satisfy both requirements. *Id.* at 299. The Ninth and Federal Circuits have taken the same approach. *See Ray*, 31 F.4th at 701; *Fourstar*, 950 F.3d at 859–60.

The Fourth Circuit takes a different approach, requiring a nexus but not redressability. *Hall v. United States*, 44 F.4th 218, 230 (4th Cir. 2022). This court reasons that "[n]either the plain language of [the Prison Litigation Reform Act][2] nor the Congressional intent point to such a redressability requirement." *Id.*

We regard the Second Circuit's approach as more persuasive.[3] Granted, the statute (28 U.S.C. § 1915(g)) doesn't refer to a nexus. Given

---

[2]    Section 1915(g) is part of the Prison Litigation Reform Act.

[3]    In unpublished opinions, we have adopted the Second Circuit's approach. *Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 759 (10th Cir.

4

the statutory purpose, however, every circuit to consider the issue requires a nexus between the allegations of the complaint and the alleged danger of serious physical injury. *See* pp. 3–4, above (citing cases). So it makes little sense to jettison redressability as an element of the statute while requiring a nexus. Indeed, the Constitution never refers to *redressability*; but courts require it for standing. *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 124 (1998) (Stevens, J., concurring) (characterizing *redressability* as a "judicial creation" because the term doesn't appear in the text of the Constitution).

Applying the same approach used for standing, we require Mr. Barnett to show both traceability and redressability. *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009). Though these showings are "often closely related," they "remain distinct." *United States v. Ramos*, 695 F.3d 1035, 1048 n.4 (10th Cir. 2012) (internal quotation marks omitted). *Traceability* requires a causal connection between the injury and the misconduct, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), and *redressability* requires a relationship between the injury and the requested judicial relief, *Diamond Alt. Energy, LLC v. Env't Prot. Agency*, 606 U.S. 100, 112 (2025).

---

2018), *aff'd on other grounds*, 140 S. Ct. 1721 (2020); *Boles v. Colo. Dep't of Corr.*, No. 22-1086, 2023 WL 1463248, at *3 (10th Cir. Feb. 2, 2023) (unpublished).

We may assume for the sake of argument that Mr. Barnett adequately alleged traceability. The resulting issue is whether the alleged danger would be redressable through the relief requested in the complaint. For two reasons, the complaint wouldn't support redress for the alleged danger to Mr. Barnett.

First, in the complaint, Mr. Barnett alleged that officials had limited his access to the courts and retaliated with administrative penalties because he had complained about a prison mail clerk. But the alleged danger is based on beatings and relocation to a more dangerous prison. So if Mr. Barnett were to prevail under the complaint, the remedy wouldn't address the alleged danger to his safety.

Second, Mr. Barnett was transferred to another prison during the litigation in district court.[4] *See* Dkt. No. 7 at 5. So even if he were to prevail against officials at his former prison, the relief wouldn't provide redress for the danger alleged at a different prison. *See Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 760 (10th Cir. 2018) (denying leave to proceed in forma pauperis when "a favorable judicial outcome" on claims against guards at one prison would "not redress any mistreatment at the hands of guards at [a different prison]"), *aff'd on other grounds*, 140 S. Ct.

---

[4]    In his merits brief, Mr. Barnett argued that he couldn't exhaust his claims because he was beaten when he tried to pursue administrative remedies. But that beating wasn't alleged in the complaint.

1721 (2020); *see also Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (per curiam) (stating that allegations of an imminent danger at a Connecticut prison, where the plaintiff was housed, did not satisfy 28 U.S.C. § 1915(g) because the complaint had "target[ed] Oklahoma defendants lacking any control over his current conditions of confinement").

\* \* \*

We deny Mr. Barnett's motion for leave to proceed in forma pauperis (Dkt. No. 20). If he does not pay the appellate filing fee within 30 days, the Court may dismiss the appeal without further notice for failure to prosecute. *See* 10th Cir. R. 42.1.